IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14 CR 55

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DAVID M. TAYLOR, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned upon a Violation Report (#33) filed by the United States Probation Office on July 21, 2015 alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Fredilyn Sison, and the Government was present through Assistant United States Attorney, Don Gast. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted allegations one and two contained in the Violation Report.

The Defendant was charged in a bill of indictment (#6) with using without lawful authority, a means of identification of another person in violation of 18 U.S.C.

1

§ 1028(a)(7), and using an unauthorized access device, that being a credit card to obtain items of value affecting interstate commerce, in violation of 18 U.S.C. § 1029(a)(2). On August 15, 2014, Defendant entered a plea of guilty (#15) to count two as contained in the bill of indictment. On December 5, 2014, the undersigned released Defendant on terms and conditions of release (#23) so he could participate in an inpatient drug treatment program. Defendant completed the drug treatment program and was released pending sentencing by this Court on January 23, 2015 (#28). The terms and conditions of release included the following:

(3) The defendant must immediately advise the court, defense counsel, and the U.S. Attorney in writing before any change in address or telephone number.

(8)(r) Defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.

On May 27, 2015 the Defendant left his place of residence and failed to notify the U.S. Probation Officer of his whereabouts. By the time of the filing of the Violation Report on July 21, 2015, the Probation Officer did not know the Defendant's whereabouts and considered Defendant to have absconded supervision.

On May 6, 2015, Defendant submitted to a substance abuse assessment and it

was recommended Defendant attend intensive outpatient treatment services. Defendant failed to attend any sessions and was non-compliant with the treatment program as of July 21, 2015.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the admission of Defendant, the undersigned finds by clear and convincing evidence that Defendant violated the term and condition of release that required he immediately advise the court, his defense counsel and the U.S. Attorney in writing before there is any change in his address or telephone number. The

3

undersigned further finds by clear and convincing evidence that Defendant failed to participate in a program of outpatient substance abuse therapy and counseling as directed by his probation officer.

Due to the findings made above and considering the factors as set forth under 18 U.S.C. § 3142(g), particularly the criminal history of Defendant, it appears there are no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release.  As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending sentencing and further proceedings in this matter.

Signed: August 11, 2015

Dennis L. Howell
United States Magistrate Judge